FILED by JCY   D.C.

ELECTRONIC

**Nov. 24, 2009**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

KEVIN G. LEWIS,

    Plaintiff,

**09-61879-CiV-Cohn/Seltzer**

v.

SIMM ASSOCIATES, INC.,

    Defendant.

_____/

## COMPLAINT
## JURY DEMAND

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA"), and the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

3.    Plaintiff, KEVIN G. LEWIS, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4.     Defendant, SIMM ASSOCIATES, INC., is a corporation, and citizen of the State of Delaware, with its principal place of business at 800 Pencader Drive, Newark, Delaware 19702.

5.     Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6.     Defendant regularly collects or attempts to collect debts for other parties.

7.     Defendant is a "debt collector" as defined in the FDCPA.

8.     Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9.     Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

10.     Defendant left the following messages on Plaintiff's voice mail on his cellular telephone on or about the dates stated:

November 24, 2008
Kevin Lewis. This is Leonard Clark. Sir, it is important you return my call at 800-864-6033, extension 2101.

November 26, 2008
Kevin Lewis. Good afternoon. My name is Nick Catalooch calling with the firm of Simm and Associates in regards to a case that was turned over to me on Monday, the 24th of November which has been filed under your name and Social Security number. I actually had my assistant leave you a message that morning and he has not heard anything back from you. So I wanted to

2

contact you personally and get your side of what is going on before I met with the client to make any recommendation on how we are going to be proceeding from this point. My number 1-800-864-6033, extension 2098. Thank you.

December 1, 2008
This message is for Kevin Lewis. My name is Lynn Main. I am calling in reference to a claim that has been filed against your name and your Social Security number in my office. I wanted to give you an opportunity to resolve this matter voluntarily. Please return the call to 1-800-864-6033, extension 2155. I do want to resolve this matter with you voluntarily and give you the opportunity to prevent any further claim from being filed against your name and your Social Security number. Kevin Lewis, please call 1-800-864-6033, extension 2155.

March 5, 2009
Hello, this message is for Kevin Lewis. My name is Ryan Frazier. I am calling from the office of Simm and Associates. I have one of your files here in my office. I need you to give me a call back at 1-800-884-6033, extension 2050. When you call in you need to reference your file number 3637099.


11.    Defendant left similar or identical messages on other occasions.

(Collectively, "the telephone messages").

12.    The messages are "communications" as defined by 15 U.S.C.

§1692a(2). See *Berg v. Merchs. Ass'n Collection Div.*, Case No. 08-60660-Civ-

Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

13.    Defendant failed to inform Plaintiff in the messages that the

communication was from a debt collector and failed to disclose the purpose of

Defendant's messages and failed to disclose Defendant's name.

3

14.    Defendant used an automatic telephone dialing system or a pre-recorded or artificial voice to place telephone calls to Plaintiff's cellular telephone.

15.    Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

16.    None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

17.    Defendant willfully or knowingly violated the TCPA.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

18.    Plaintiff incorporates Paragraphs 1 through 17.

19.    Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and Leyse v. Corporate Collection Servs., 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

4

c.      Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

20.    Plaintiff incorporates Paragraphs 1 through 17.

21.    Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name, that it is a debt collector, and the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc.*, Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); *Wright v. Credit Bureau of Georgia, Inc.*, 548 F. Supp. 591, 593 (D. Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs.*, 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a.      Damages;

b.      Attorney's fees, litigation expenses and costs of suit; and

c.      Such other or further relief as the Court deems proper.

## COUNT III
## TELEPHONIC HARASSMENT AND ABUSE BY EXCESSIVE CALLING

22.    Plaintiff incorporates Paragraphs 1 through 17.

23.    Defendant caused Plaintiff's telephone to ring repeatedly or

continuously with the intent to annoy, abuse or harass in violation of 15 U.S.C

§1692d(5). See *Sanchez v. Client Servs*., 520 F. Supp. 2d 1149, 1160-1161 (N.D.

Cal. 2007).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of

Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

**COUNT IV**
**TELEPHONIC HARASSMENT AND ABUSE FOR UNAUTHORIZED**
**CALLS TO A CELLULAR TELEPHONE**

24.    Plaintiff incorporates Paragraphs 1 through 17.

25.    Defendant engaged in conduct the natural consequence of which is to

harass, oppress, or abuse by using an automatic telephone dialing system or pre-

recorded or artificial voice in placing telephone calls to Plaintiff's cellular

telephone to which Plaintiff had not consented, in violation of 15 U.S.C §1692d.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of

Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

6

c.      Such other or further relief as the Court deems proper.

## COUNT V
## ILLEGAL COLLECTION TECHNIQUES IN VIOLATION OF THE
## FLORIDA CONSUMER COLLECTION PRACTICES ACT

26.    Plaintiff incorporates Paragraphs 1 through 17.

27.    Defendant asserted the right to collect a debt by leaving telephone

messages for Plaintiff without disclosing that it is a debt collector and the purpose

of its communications and its name when Defendant knew it did not have a legal

right to use such collection techniques in violation of Fla. Stat. §559.72(9).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of

Plaintiff and against Defendant for:

a.      Damages;

b.      Attorney's fees, litigation expenses and costs of suit;

c.      declaring that Defendant's practices violate the FCCPA;

d.      permanently injoining Defendant from engaging in the

complained of practices; and

e.      Such other or further relief as the Court deems proper.

## COUNT VI
## HARASSMENT IN VIOLATION OF THE FLORIDA CONSUMER
## COLLECTION PRACTICES ACT

28.    Plaintiff incorporates Paragraphs 1 through 17.

7

29.     By failing to disclose that it is a debt collector, its name and the purpose of its communication, by using an automatic telephone dialing system or pre-recorded or artificial voice in placing telephone calls to Plaintiff's cellular telephone to which Plaintiff had not consented, and by telephoning Plaintiff with such frequency as can be reasonably be expected to harass, Defendant willfully engaged in conduct the natural consequence of which is to harass in violation of Fla. Stat. §559.72(7).

30.     The FCCPA provides for equitable relief including injunctive relief. *Berg v. Merchs. Ass'n Collection Div.*, 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

        a.     Damages;

        b.     Attorney's fees, litigation expenses and costs of suit;

        c.     declaring that Defendant's practices violate the FCCPA;

        d.     permanently injoining Defendant from engaging in the complained of practices; and

        e.     Such other or further relief as the Court deems proper.

## COUNT VII
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

31.     Plaintiff incorporates Paragraphs 1 through 17.

32.     Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without Plaintiff's prior express consent in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a.      Damages;

b.      a declaration that Defendant's calls violate the TCPA;

c.      a permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular telephone of any person using an automatic telephone dialing system or pre-recorded or artificial voice without the prior express consent of the called party; and

d.      Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this _23_ day of November, 2009.

> DONALD A. YARBROUGH, ESQ.
> Attorney for Plaintiff
> Post Office Box 11842
> Ft. Lauderdale, FL 33339
> Telephone: 954-537-2000
> Facsimile: 954-566-2235
> donyarbrough@mindspring.com

9

By: _____

    Donald A. Yarbrough, Esq.
    Florida Bar No. 0158658

10

RECEIVED
ELECTRONIC

**Nov. 24, 2009**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadi
by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in Se
the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE O

**I(a) PLAINTIFFS**

Kevin G. Lewis

**DEFENDANTS**

Simm Associates, Inc.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES) BROWARD

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION
OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

DONALD A. YARBROUGH, ESQ. POST OFFICE BOX 11842

FORT LAUDERDALE, FL 33339, TELEPHONE (954) 537-2000

ATTORNEYS (IF KNOWN)

09 cv 61879    Cohn / Seltzer

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:
DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION
(PLACE AN X IN ONE BOX ONLY)

☐ 1.  U.S. Government
Plaintiff

☒ 3.  Federal Question (U.S.
Government Not a Party)

☐ 2.  U.S. Government
Defendant

☐ 4.  Diversity (Indicate Citizenship
of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(For Diversity Case Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| | | | | (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) | |
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporation and Principal Place of Business in This State | ☐ 1 | ☐ 1 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporation and Principal Place of Business in Another State | 2 | 2 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 3 | ☐ 3 |

## IV. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

**IVa.**    **1-2** days estimated (for both sides) to try entire case  15 U.S.C. §1692 et. Seq. Violations of Fair Debt Collection Practices Act

### NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| A CONTRACT | A TORTS | B FORFEITURE PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **A PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 365 Personal Injury-Prod. Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personnel Injury Product Liability | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (excl Veterans) B | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | **B SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 330 Federal Employers' Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities /Commodities /Exchange |
| ☐ 160 Stockholder's Suits | ☐ 340 Marine | ☐ 371 Truth in Lending B | | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 345 Marine Product Liability | ☐ 380 Other Personnel Property Damage | **A LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 350 Motor Vehicle | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | ☐ 355 Motor Vehicle Product Liability | **B PRISONER PETITIONS** | ☐ 720 Labor Management Relations B | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 360 Other Personal Injury | **A CIVIL RIGHTS** | ☐ 730 Labor Management Reporting & Disclosure Act | **A FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure B | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General* | ☐ 790 Other Labor Litigation | ☐ 871 IRS-Third Party 26b USC 7609 | ☐ 900 Appeal of Fee Determination under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 791 Employee Ret. Inc. Security Act B | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other* | | | ☒ 890 Other Statutory Actions* *A or B |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights *A or B | | | |

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

☒ 1. Original Proceeding   ☐ 2 Removed from State Court   ☐ 3. Remanded from Appellate Court   ☐ 4. Refiled   ☐ 5. Transferred from another district (specify)   ☐ 6. Multidistrict Litigation   ☐ 7. Appeal to District Judge from Magistrate Judgment

| VII. REQUESTED IN COMPLAINT | CHECK IF THIS IS A ☐ CLASS ACTION UNDER F.R.C.P.23 | CLASS ACTION No | DEMAND$ N/A | ☐ Check YES only if demanded in complaint  JURY DEMAND: | ☒ YES  ☐ NO |
|---|---|---|---|---|---|

VIII. RELATED CASE(S) IF ANY (See Instructions):    JUDGE _____    DOCKET NUMBER _____

DATE: November 25 2009    SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT

FOR OFFICE USE ONLY: Receipt No. 548169    Amount: 350.00

Date Paid: _____    M/ifp: _____

S/F 1-2
REV. 9/94

NP/266449/5pld01!.DOC/11/19/09/26094.010400